UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| ENERGY NORTHWEST, a Washington municipal corporation,<br>Plaintiff,<br>v.<br>SPX HEAT TRANSFER, INC., a Delaware corporation; SPX HEAT TRANSFER LLC, a Delaware limited liability company,<br>Defendants. | 2:13-CV-05151-SAB<br><br>**AGREED PROTECTIVE ORDER** |
|---|---|

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following Protective Order is hereby entered by the Court.

**1. Proceedings and Information Governed.**

This Order and any amendments or modifications hereto ("Protective Order") shall govern any document, information or other thing furnished by any party, to any other party, and includes non-parties who receive a subpoena in connection with this action. The information protected includes, but is not limited to, answers to interrogatories, answers to requests for admissions, responses to requests for production of documents, deposition transcripts and videotapes, deposition exhibits, and other writings or things produced, given or filed in this action that are designated by a party as "Confidential Information" (hereinafter

"CI") or "Confidential Attorney Eyes Only Information" (hereinafter "AEO Material") in accordance with the terms of this Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**2. Designation and Maintenance of Information.**

For purposes of only this Protective Order, (a) the "CI" designation shall mean that the document is comprised of commercial information which is not publicly known, the disclosure of which would provide a competitor with an advantage; documentation evidencing policies, procedures, training materials, customer information, trade secrets, contracts, employee files, and any other sensitive commercial information regardless of format; documentation revealing sensitive or personal data or information; and documentation that the providing party is under a legal or contractual obligation to maintain as confidential; and (b) the "AEO Material" designation shall mean that the document is comprised of information in Paragraph 2(a) that the producing party deems especially sensitive. CI and AEO Material does not include, and this Protective Order shall not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons by someone other than the receiving party and who is not under a legal or contractual obligation to maintain the confidentiality of the information, in a manner making such information no longer confidential.

**3. Designation.**

Documents and things produced during the course of this litigation within the scope of paragraph 2(a) above, may be designated by the producing party as containing CI by placing on each page and each thing a legend substantially as follows: **CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER.**

Documents and things produced during the course of this litigation within the scope of paragraph 2(b) above may be designated by the producing party as containing Confidential Attorney Eyes Only Information by placing on each page and each thing a legend substantially as follows: **CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER.**

A party may designate information disclosed at a deposition as CI or AEO Material by requesting the reporter to so designate the transcript or any portion thereof at the time of the deposition. If no such designation is made at the time of the deposition, any party shall have five (5) business days after the date of receipt of the deposition transcript to designate, in writing, to the other parties and to the court reporter, whether the transcript is to be designated as CI or AEO Material. If no such designation is made at the deposition or within such five (5) business day period (during which period, the transcript shall be treated as AEO Material, unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of CI or AEO Material.

Each party or non-party that designates CI or AEO Material for protection under this Protective Order must take care to limit any designation to specific material that qualifies under the appropriate standards. The designated party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

**4. Maintain Confidentiality.**

It is the responsibility of counsel for each party to maintain materials containing CI or AEO Material in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms

as is permitted under this Protective Order.

**5. Inadvertent Failure to Designate.**

The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity. The information shall be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

**6. Challenge to Designations.**

Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The parties must make every attempt to resolve any dispute regarding confidential designations without Court involvement. Any letter to the Court regarding confidential designations or for a protective order must include a statement in the letter that the parties have engaged in a good faith meet-and-confer conference in an effort to resolve the dispute without Court action. The statement must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference. If the parties are unable to resolve a challenge without Court intervention, the parties may thereafter seek the Court's intervention through the submission of one-page letter in accordance with the protocol described by the Court in the June 2, 2014 scheduling conference. Until any dispute under this paragraph is ruled upon by the Court, the designation shall remain in full force and effect, and the information shall continue to be accorded the confidential treatment required by this Protective Order.

///

**7. Disclosure and Use of Confidential Information.**

Records designated as CI may be disclosed only to the following persons:

a. The attorneys working on this action, including in-house attorneys;

b. All paralegal, assistants, stenographic and clerical employees working under the direct supervision of such counsel;

c. Any parties to this action who are individuals, and the employees, directors, members, or officers of parties to this action who are corporations or partnerships, and their insurers, to the extent necessary to further the interest of the parties in this litigation;

d. Subject to those persons or entities identified on Exhibit B, experts and consultants to whom disclosure is reasonably necessary for this litigation, who are expressly retained by any attorney described in paragraph 7(a). and who have signed the Confidentiality Agreement attached hereto as Exhibit A;

e. Witnesses who appear for deposition or trial in this matter, during the course of their testimony, upon the witness being advised of the need and agreeing to keep the CI confidential and who have signed the Confidentiality Agreement attached hereto as Exhibit A;

f. The Court; and

g. Copy, imaging, and electronic document vendors retained by any attorney described in paragraph 7(a) to assist in the duplication and/or hosting of confidential material, provided that counsel for the party retaining the vendor instructs the vendor not to disclose any confidential material to non-parties and to return all originals and copies of any CI;

8. **Clawback Agreement**

The provisions of any mutually agreed upon "clawback" agreement relating to the inadvertent disclosure of privileged information shall apply in all cases governed by this Protective Order.

**9. Disclosure and Use of AEO Material**

Records designated as AEO Material may be disclosed only to the following persons:

a. The attorneys working on this action on behalf of any party, including in-house attorneys;

b. All paralegal, assistants, stenographic, and clerical employees working under the direct supervision of such counsel;

c. Subject to those persons or entities identified on Exhibit B, experts and consultants to whom disclosure is reasonably necessary for this litigation, who are expressly retained by any attorney described in paragraph 9(a), and who have signed the Confidentiality Agreement attached hereto as Exhibit A;

d. The Court; and

e. Copying, imaging, and electronic document vendors retained by any attorney described in paragraph 9(a) to assist in the duplication, imaging, and/or hosing of AEO Material, provided that counsel for the party retaining the vendor instructs the vendor not to disclose and AEO Material to non-parties and to return all originals and copies of any AEO Material.

**10.** A receiving party, including any experts or consultants, may use CI or AEO Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. The Parties wish to avoid any CI or AEO Material from being disclosed or disseminated to any third party who could use that information for competitive advantage. The Parties also seek to avoid any conflicts of interest. Accordingly, attached hereto as Exhibit B is a list of entities that each Party deems to be an entity with the potential to use its information for competitive advantage and/or would have a conflict of interest. In the event that either Party seeks to retain an expert (either as a consulting expert or a testifying expert) that is on

Exhibit B or an employee of an entity on Exhibit B, that Party shall notify the other Party of the identity of the individual. Upon receipt of such information, the Party receiving such information shall have ten (10) business days to provide a written objection. In the event of receipt of such an objection, the designating Party shall not provide the proposed expert any CI or AEO Material unless and until, upon Motion to the Court, the Party seeking to retain the expert is given leave by the Court to do so.

**11.** CI or AEO Material may be disclosed to a person, not already allowed access to such information under this Protective Order, if:

a. the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a Rule 30(b)(6) designee;

b. the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or

c. counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the judge and persons to whom disclosure may be made, and who are bound by the Protective Order, may be present during the disclosure or discussion of CI or AEO Material. Disclosure of material pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

**12. Filing Documents With the Court.**

In the event that any party wishes to submit CI or AEO Material to the Court, such party shall follow the procedures prescribed by the Court for filing documents under seal, if said procedures apply.

**13. No Prejudice.**

Producing or receiving confidential information, or otherwise complying

with the terms of this Protective Order, shall not (a) operate as an admission by any party that any particular confidential information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a party to apply to the Court for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

**14. Conclusion of Litigation.**

Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order shall be under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information or Confidential Attorney Eyes Only Information, and to certify to the producing party such destruction or return. However, outside counsel for any party shall be entitled to retain all court papers, trial transcripts, exhibits and attorney work product, provided that any such materials are maintained and protected in accordance with the terms of this Protective Order. Alternatively, the parties may agree upon appropriate methods of destruction.

**15. Other Proceedings.**

By entering this Order and limiting the disclosure of information in this case, the Court intends that a receiving party be precluded from disclosing another party's documents in any other case. In the event that any person or parties subject to this Protective Order may be subject to a motion to disclose another party's information designated CI or AEO Material pursuant to this Protective Order, the

party in receipt of such motion shall promptly notify the disclosing party of the motion so that the disclosing party may have an opportunity to appear and be heard on whether that information should be disclosed.

**16. Remedies.**

Prior to the conclusion of this lawsuit by final judgment or settlement, any party may petition the Court for good cause shown, in the event such party desires relief from a term or condition of this Order.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 3rd day of September, 2014.



Stanley A. Bastian
United States District Judge

**Exhibit A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ENERGY NORTHWEST, a Washington municipal corporation,<br>Plaintiff,<br>v.<br>SPX HEAT TRANSFER, INC., a Delaware corporation; SPX HEAT TRANSFER LLC, a Delaware limited liability company,<br>Defendants. | 2:13-cv-5151-SAB<br><br>**CONFIDENTIALITY AGREEMENT** |

This Confidentiality Agreement ("Agreement") is entered into as of ______________, 201__ ("Effective Date") by and between ______________________("Party") and _____________________("Third-Party").

WHEREAS Party desires for Third-Party to provide services in connection with the above-captioned litigation.

WHEREAS in connection with the Third-Party's services, Party will be required to provide Third-Party with certain information that has been deemed Confidential Information or Confidential Attorney Eyes Only Information by the

parties in the above referenced litigation, and by Court Order ("CI" or "AEO Material").

WHEREAS, as a condition of release of the CI or AEO Material, Party requires Third-Party to execute this Agreement.

NOW, THEREFORE the Third-Party hereby represents and warrants that the Third Party has read the Protective Order dated ________, 2014 and agrees to abide by its terms and conditions in all respects. The Third Party hereby agrees that any violation of this Confidentiality Agreement may be enforced by the sanctions set forth in Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court, including the power to hold parties or other violators of the Protective Order in contempt. The Third Party further agrees that all other remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

Dated this ___ day of _______________, 201_.

___________________________________

**Exhibit B**

1. Babcock Power
2. Thermal Engineering International
3. Holtec International
4. Maarky Thermal Systems
5. Graham Manufacturing
6. DC Fabricators
7. Foster Wheeler