UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ENERGY NORTHWEST, a Washington municipal corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SPX HEAT TRANSFER, INC., a Delaware corporation; SPX HEAT TRANSFER LLC, a Delaware limited liability company,<br><br>　　　　Defendants. | 2:13-cv-5151-SAB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Plaintiff's Motion for Partial Summary Judgment, ECF No. 44. The motion was heard without oral argument.

In February, 2009, Plaintiff Energy Northwest ("ENW") entered into a contract with Yuba Heat Transfer, Inc. ("Yuba") to design and fabricate new condenser modules and related structural components for installation at the Columbia Generating Station, a boiling water nuclear power plant. Yuba was acquired by Defendant SPX Heat Transfer, Inc. ("SPXHT") in December, 2009. Plaintiff also contracted with Babcock & Wilson Nuclear Power Generation Group, Inc., to remove the existing condenser modules and install the replaced modules and components designed and supplied by Defendant SPXHT.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 1

Apparently, there were problems with the installation of the modules and components. In March, 2014, Plaintiff sued Defendant in the Eastern District of Washington, asserting breach of contract and breach of express warranty claims. Defendant answered and asserted the following counterclaims: (1) Breach of Contract (unpaid invoices) - $2,070,334; (2) Breach of Contract (unpaid bonus) – failure to perform performance test; (3) Breach of Contract (specific performance); (4) Breach of the Covenant of Good Faith and Fair Dealing; and (5) Declaratory Judgment (Reheat System).

Plaintiff now moves for partial summary judgment asking the Court to rule that Defendant's counterclaims fail as a matter of law and should be dismissed.

**A.    Motion Standard**

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); Fed. R. Civ. P. 56(c). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex*, 477 U.S. at 325. If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Id*. at 324; *Anderson*, 477 U.S. at 250.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law School*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 2

party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

**B.    Washington Professional Engineers' Registration Act**

The Washington Professional Engineers' Registration Act ("the Act") governs the provision of engineering services in Washington. Wash. Rev. Code § 18.43.010, *et seq.* The Act requires "any person in either public or private capacity practicing or offering to practice engineering or land surveying" to register under the provisions of the Act. § 18.43.010. It provides the minimum requirements to qualify for registration as a professional engineer. § 18.43.040. These include 8 years of experience, successfully passing a written or oral examination, graduation from an approved engineering curriculum of four years or more from an approved school or college, and having good character and reputation. *Id.* Any person who practices engineering without being registered, or violates any provision of the Act, is guilty of a gross misdemeanor. § 18.43.120. There are exceptions to the registration/license requirement. For instance, a nonresident engineer employed for the purpose of making engineering examinations is exempt from the registration requirement. § 18.43.130.

**C.    Analysis**

**1.    Defendant's Scope of Work**

Plaintiff maintains that Defendant designed, fabricated, and provided engineering support services for the condenser modules and related components installed at the Columbia Generating Station, and failed to employ qualified local engineers licensed in the State of Washington. Defendant argues that its scope of

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 3**

work did not require it to perform work for which the Act mandates licensure.

The capacity in which a company functions on a project is a question of fact. *Gall Landau Young Constr. Co., Inc. v. Hurlen Constr. Co.*, 39 Wash.App. 420, 430 (1985). Here, genuine issues of material fact exist that need to be resolved before the Court can determine the scope of Defendant's work and answer the question as to whether Defendant was required to obtain a license. As such, summary judgment is not appropriate at this stage of the proceedings.

## 2.    Validity of the Contract

Plaintiff asserts that Defendant's unlicensed practice of engineering in violation of Washington law voids its ability to sue under the contract.[1] Plaintiff's position is not supported by Washington law.

Washington courts have consistently held that failure to comply with a registration statute does not render a contract void. *See La France Fire-Engine Co. v. Town of Mt. Vernon,* 9 Wash. 142, 143-44 (1894) (explaining that "in the absence of a special declaration that such contracts shall be void, especially where a penalty is attached for the violation, the party contracting with such corporation will be estopped from pleading the want of compliance with the statute by the foreign corporation."); *see also Stegall v. Kynaston*, 26 Wash.App. 731, 734-35 (1980); *Allison v. Medicab Int'l, Inc.*, 92 Wash.2d 199, 203 (1979); *Hennessy v. Vanderhoef*, 1 Wash.App. 257, 262 (1970);  *Ritter v. Shotwell*, 63 Wash.2d 601, 606 (1964);  *Fleetham v. Schneekloth*, 52 Wash.2d 176, 180 (1958); *Yakima Lodge No.53 v. Schneider*, 173 Wash. 639, 640-42 (1933); *Lane v. Henry*, 80 Wash. 172, 172-73 (1914); *Way v. Pac. Lumber & Timber Co.*, 74 Wash. 332, 333-34 (1913). Rather, Washington courts have consistently imposed the following rule:

---

[1] Notably, Plaintiff is not seeking to void the entire contract.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 4

A contract that violates a statutory regulation of business is not void unless made so by the statute. Where a statute imposes a penalty for failure to comply with statutory requirements, the penalty so fixed is exclusive of any other.

*Yakima Lodge No.53*, 173 Wash. at 642.

Plaintiff relies on a different general rule. That rule states that a contract that is contrary to the terms and policy of a statute is illegal and unenforceable. *Hederman v. George*, 35 Wash.2d 357, 361(1949).  Plaintiff then attempts to distinguish the cases cited by Defendant by arguing that the rule only applies to statutes that regulate "business" as opposed to situations that involve "professions or express public policy." Plaintiff's position is not supported by case law.

The case Plaintiff cites in support of its position is *Morelli v. Ehsan*, 110 Wash.2d 555 (1988). In that case, the plaintiff entered into a partnership agreement to establish a medical clinic. *Id.* at 556. His partner was a physician, and he was not. *Id.* The partnership ended, and the plaintiff petitioned for dissolution of partnership and accounting. *Id.* at 557. The court held that the limited partnership whereby a physician and non-physician operated a medical clinic, sharing equally in profits and losses, was illegal. *Id.* at 561. It concluded that the plaintiff's participation in the partnership constituted the unlicensed practice of medicine in violation of Washington law. *Id.* In doing so, it noted that the legality of a partnership to practice medicine is a question of law, not a question of fact.[2] *Id.* at 559.

_____

[2]The statute at issue was the Washington Professional Service Corporation Act, which authorized lawyers, doctors, dentists, optometrists, and other professional specialists to form a corporate entity within their respective practices. *Id.* at 559. The court noted that it was the intent of the Legislature to bar others than similarly licensed health care professionals from involvement in professional services. *Id.*

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 5

*Morelli* stands for the premise that in Washington, if a partnership is illegal, courts will not entertain an action for an accounting and distribution of assets, especially when the unlawful agreement is contrary to public policy. *Id.* at 561. This is consistent with the general rule that illegal agreements are void, and courts will not enforce them. *Id.* at 562. Rather, the parties are left where the court finds them regardless of whether the situation is unequal as to one of the parties. *Id.* Notably, while the plaintiff in *Morelli* was denied equitable distribution of the assets, he was also relieved of any outstanding liabilities. *Id.* at 563.

In arguing that summary judgment should be denied, Defendant relies on *Haberman v. Elledge*, 42 Wash.App. 744 (1986). It argues that the contract in question is valid and enforceable because neither the contract itself nor its performance necessarily contemplated an illegal act. The *Haberman* case appears to be on point.

In that case, the driller of a well sued to foreclose the lien on property where the work was performed. *Id.* at 746. The landowner argued that the well-driller's failure to comply with a WAC regulation construing Wash. Rev. Code § 18.104, the Water Well Construction Act, barred recovery on the underlying drilling contract as a matter of law. *Id.*at 745. The facts demonstrated that almost all of the drilling work was done by the son, who was not licensed. *Id.* at 746. The father, who was licensed, was present at the job site occasionally. *Id.* The record showed that the driller performed in accordance with the agreement. *Id.* at 748.

The Washington Court of Appeals relied on the business rule exception cited above, that is, the violation of a statutory provision by one who has entered into a valid agreement during the performance of such an agreement does not automatically bar enforcement, in holding that the well drilling contract was valid

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 6

and enforceable.[3] *Id.* at 748. It distinguished two situations—a valid contract performed in a manner that violates a statutory regulation; and contracts that are made in contravention of specific statutory requirements or declarations of policy. *Id.* at 750. With respect to the later, courts have generally refused to endorse a contract that is illegal and void *ab initio*. *See Ogilvy v. Peck*, 200 Wash. 122 (1939) (enforcing contract and distinguishing situation in which licensed plumber failed to obtain permit required by city ordinance from situation of illegal contract with unlicensed plumber).

As noted above, Plaintiff is not seeking to void the entire contract, but seeks to prevent Defendant from pursuing its counterclaims. Plaintiff is not arguing that the contract was *made* in contravention of specific statutory requirements, which would void the entire contract; rather, it is arguing that Defendant performed the contract in a manner that violates a statutory regulation. Even if this were true, case law does not support the remedy Plaintiff seeks with its motion. As such, Plaintiff is not entitled to summary judgment.

///
///
///
///
///
///
///
///
///
///

---

[3] The Court of Appeals also held that the property owner had the burden of proving he was damaged by the statutory violation to recover. *Id.* at 750.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 7**

Accordingly, **IT IS HEREBY ORDERED**:

1.  Plaintiff's Motion for Partial Summary Judgment, ECF No. 44, is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 30th day of July, 2015.



Stanley A. Bastian
United States District Judge

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 8